IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ENDO USA, INC. and<br>ENDO OPERATIONS LIMITED,<br><br>*Plaintiffs*,<br><br>v.<br><br>BAXTER HEALTHCARE CORPORATION,<br><br>*Defendant*. | C.A. No. 1:25-cv-2365<br><br>Judge Franklin U. Valderrama<br>Magistrate Judge Gabriel A. Fuentes |

# BAXTER'S MOTION FOR SANCTIONS

I.  **INTRODUCTION**

Defendant Baxter Healthcare Corporation moves, pursuant to the Court's inherent authority and 28 U.S.C. § 1927, for sanctions against Plaintiffs Endo USA, Inc. and Endo Operations Limited (collectively, "Endo") in this litigation. Endo falsely alleged in its complaint that it had standing to pursue patent infringement claims against Baxter's 16 mg/250 mL epinephrine premix product ("Baxter's Product"). Then, Endo forced Baxter to defend—successfully—against a motion for preliminary injunction and two motions for a temporary restraining order that Endo had no right to pursue. As Endo's patent claims were faltering, Baxter notified Endo that it lacked standing. Endo doubled down and required Baxter to file a motion to dismiss. After goading Baxter into moving, Endo ultimately provided no explanation for its actions. Endo simply declined to respond to Baxter's motion and gave up. Although short-lived, Endo's efforts to keep Baxter's Product off the market not only caused Baxter to incur substantial fees, costs, and expenses but also squandered the limited time and resources of two judges in this Court in a suit that Endo should not have initiated in the first place.

Now Endo has revived litigation on the same patents against Baxter for another epinephrine bag product in the District of Delaware. *Endo Operations Ltd. v. Baxter Healthcare Corp.*, Case No. 1:25-cv-861 (D. Del.), D.I. 1. Endo's new Delaware complaint fails to join Nevakar, the patent owner, and fails to allege anything about this action and this Court's preliminary patent rulings.

This Court should sanction Endo to discourage such behavior in the future from these often-competitors and litigants (*see, e.g.*, *Endo Ventures Ltd. v. Baxter Healthcare Corp.*, Case No. 1:21-cv-1186 (D. Del.); *Endo USA, Inc. v. Baxter Healthcare Corp.*, Case No. 1:23-cv-358 (D. Del.); *Endo Operations Ltd. v. Baxter Healthcare Corp.*, Case No. 1:25-cv-861 (D. Del.)),

1

require Endo to show cause for its conduct in this litigation, and enter an award requiring Endo to reimburse Baxter for its attorneys' fees, costs, and expenses of approximately ▌.[1]

## II. BACKGROUND

Endo's frivolous and vexatious conduct began with filing the Complaint with an allegation that Endo had standing to sue Baxter for infringement of three patents owned by Nevakar Injectables Inc. ("Nevakar"). D.I. 1 at 3-4. Endo thereafter burdened this Court and Baxter with multiple requests to delay the launch of the FDA-approved Baxter Product and serial motions for injunctive relief. Baxter expended significant fees, costs, expenses, and effort to defend itself during the course of the litigation, including:

- ▌
  D.I. 110, D.I. 131);

- Opposing Endo's motion for preliminary injunction with extensive briefing and with expert and fact witness declarations (D.I. 56-65);

- Opposing Endo's motion to maintain the *status quo ante* with further briefing and expert declarations (D.I. 80-83);

- Preparing objections to the Magistrate Judge's Report and Recommendation to grant Endo's status quo/TRO motion (D.I. 128);

- Responding to Endo's objections to the Magistrate Judge's Report and Recommendation to deny Endo's motion for preliminary injunction (D.I. 170); and

- Investigating Endo's licensing agreement and its multiple amendments, and filing the motion to dismiss (D.I. 166).

The technology underlying the patent at issue required Baxter to engage a professor of pharmaceutical sciences and a clinical pharmacist who needed to analyze Endo's expert

---

[1] Baxter will agree to provide documentation proving this amount through exchanges with Endo.

declarations and then prepare sophisticated opposing declarations. D.I. 59; D.I. 61; D.I. 81; D.I. 83. Baxter also engaged an expert economist to respond to Endo's expert declaration regarding irreparable harm. D.I. 63.

During the litigation, the parties exchanged information under Local Patent Rule 2.1, including ███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

D.I. 166 at 6-8. Baxter's counsel wrote to give Endo's counsel an opportunity to explain how Endo maintained its standing allegation. D.I. 166, Ex. B (Peterka letter to Williamson). Endo's counsel declined to respond to Baxter's inquiries and claimed that the allegations in the complaint "are factually accurate." D.I. 166, Ex. C (Williamson letter to Peterka). After receiving Baxter's letter, Endo expanded the litigation by filing a second (emergency) motion for a temporary restraining order (D.I. 144), along with objections to the Magistrate Judge's Report and Recommendation to deny Endo's preliminary injunction motion (D.I. 157). This required Baxter to expend more resources in the litigation to file its motion to dismiss (D.I. 166), as well as to respond to Endo's objections to the Magistrate Judge's Report and Recommendation to deny Endo's preliminary injunction motion (D.I. 170).

In response to Baxter's motion to dismiss, Endo did not argue that it had standing, or provide any explanation at all for why it was proper for Endo to have filed and maintained this case. Rather, Endo walked away. Endo and its counsel forced not only Baxter to engage in litigation, but the Court to spend time and resources resolving multiple requests for preliminary injunctive relief with corresponding rounds of briefing, that Endo should not have brought. Baxter apprised Endo of its intent to file this motion, and Endo indicated its intent to oppose.

3

### III. THE COURT SHOULD USE ITS INHERENT AUTHORITY TO SANCTION ENDO.

The Court should sanction Endo, require Endo to show cause for its actions, and award Baxter its attorneys' fees, costs, and expenses under the Court's inherent authority. *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) ("A court has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct."). The court in *Ramirez* further explained, "sanctions imposed pursuant to the court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith." *Id.* (citation omitted). Endo willfully abused the judicial process by filing the Complaint, and by pursuing serial injunctions without standing.

Endo had an obligation to perform a reasonable pre-suit investigation under Fed. R. Civ. P. 11, and determine if it had standing to sue Baxter in connection with Baxter's Product. *See Autotech Corp v. NSD Corp.*, 125 F.R.D. 464, 469 (N.D. Ill. 1989). Endo knew or should have known that it did not have a license to pursue relief against Baxter's Product. Ultimately, Endo did not dispute its lack of rights concerning a 16 mg/250 mL product in response to Baxter's motion to dismiss. D.I. 175; *see Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466-67 (7th Cir. 2010) (finding the plaintiffs' failure to respond to argument resulted in a waiver that required the court to accept the defendants' assertions).

Endo's improper efforts to preserve its epinephrine bag monopoly caused Baxter to incur substantial expenses to defend Baxter's rights and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 110-11 (2017) (courts have discretion to make a blanket award when a plaintiff initiates a case in bad faith and all defense costs are attributable to the

4

sanctioned behavior). Endo's repeated requests for ▮▮▮▮▮▮▮▮▮▮▮ and threats to assert the same and additional patents against Baxter, ▮▮▮▮▮▮▮▮▮▮▮, are further evidence of bad faith. *See Xped LLC v. Entities Listed on Exhibit 1*, 690 F. Supp. 3d 831, 850 (N.D. Ill. 2023) ("pursuing arguments in bad faith are sanctionable misconduct"); *see also Intellect Wireless, Inc. v. Sharp Corp.*, 87 F. Supp. 3d 817, 845-56 (N.D. Ill. 2015) (granting a motion for attorneys' fees based on numerous instances of false statements in the complaint and before the court and continuing to perpetuate the same). On July 10, 2025, Endo fulfilled its threat: Endo, through the same lead counsel, filed another patent infringement complaint against Baxter for an epinephrine bag product on the same and additional patents. Endo failed again to join Nevakar and failed to allege anything about this action. *Endo Operations Ltd. v. Baxter Healthcare Corp.*, Case No. 1:25-cv-861 (D. Del.), D.I. 1. Endo continues vexatiously to multiply proceedings.

 D.I. 110, D.I. 131.

Endo's maintenance of this suit and injunction motions was a willful abuse of the judicial process, and the Court should sanction Endo, require Endo to show cause for its actions to discourage such misconduct in the future, and award Baxter its attorneys' fees, costs, and expenses pursuant to the Court's inherent authority. *See Xped LLC*, 690 F. Supp. 3d at 859-60 (imposing sanctions under the court's inherent authority for false allegations of trademark

5

infringement where plaintiff's sole basis for receiving injunctive relief was that falsely alleged infringement).

IV. **ENDO'S COUNSEL SHOULD BE LIABLE FOR BAXTER'S ATTORNEYS' FEES UNDER 28 U.S.C § 1927**

The Court may also sanction Endo's counsel and award attorneys' fees under 28 U.S.C. § 1927, because Endo's counsel unreasonably and vexatiously multiplied the proceedings by filing the Complaint and three motions for temporary injunctive relief when it knew, or should have known, that Endo lacked standing. *See* 28 U.S.C. § 1927 ("[a]ny attorney who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); *see also Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789, 794 (7th Cir. 1983) (holding that a court may sanction and impose fees under 28 U.S.C. § 1927 where "the suit was without either a legal or factual basis and the attorney was or should have been aware of this fact."). The Seventh Circuit has applied this statute whenever an attorney "has acted in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice . . . or where a claim [is] without a plausible legal or factual basis and lacking in justification." *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 708 (7th Cir. 2014) (quoting *Walter v. Fiorenzo*, 840 F.2d 427, 433 (7th Cir. 1988)). The Seventh Circuit has also explained that the purpose of 28 U.S.C. § 1927 "is to deter frivolous litigation and abusive practices by attorneys, and to ensure that those who create unnecessary costs also bear them." *Kapco Mfg. Co., Inc. v. C&O Enters., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989) (citation omitted); *Intellect Wireless*, 87 F. Supp. 3d. at 844.

A reasonably careful attorney would have known that ███████████████ ███████████████████████████████████████████████████████████████

6

*See Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) ("A court has discretion to impose § 1927 sanctions when an attorney has . . . pursue[d] a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound.") (citation omitted). Endo passed on the opportunity to justify its unsupported standing allegations. *See Riddle and Assocs., P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005) ("If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious.") (citation omitted).

By asserting false allegations of standing in an attempt to enjoin Baxter from selling its product, Endo's counsel engaged in "serious disregard for the orderly process of justice." *Jolly Grp.*, 435 F.3d at 720. Accordingly, Endo's counsel should be held jointly and severally liable for Baxter's fees, costs, and expenses.

## CONCLUSION

Baxter respectfully requests the Court enter an order which grants this motion, sanctions Endo, requires Endo to show cause for its actions, and awards Baxter its attorneys' fees, costs, and expenses incurred defending against this action.

7

Dated: July 16, 2025                               **BAXTER HEALTHCARE CORPORATION**

                                                           By: */s/ James T. Peterka*
                                                                    James T. Peterka

James T. Peterka
Terrence P. Canade
Emily J. Savas
Timothy F. Peterson
Jacob C. Britz
Scott P. Clark
**BUCHANAN INGERSOLL & ROONEY PC**
150 N. Riverside Plaza, Suite 2800
Chicago, IL 60606
(312) 261-8777
james.peterka@bipc.com
terrence.canade@bipc.com
emily.savas@bipc.com
tim.peterson@bipc.com
jacob.britz@bipc.com
scott.clark@bipc.com